IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,057-06






EX PARTE RODNEY J. RAMIREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 980D11615-120-2 IN THE 120th DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to eighty-one years' imprisonment. The Eighth Court of Appeals affirmed
his conviction. Ramirez v. State, No. 08-99-0082-CR (Tex. App.-El Paso, delivered September 20,
2000, no pet.). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to investigate and interview witness Ruth Hansen, failed to adequately consult with
Applicant prior to trial, failed to present an alibi defense that he was in the Juarez City Jail at the
time the alleged offense occurred, failed to investigate Applicant's psychiatric history, failed to file
a motion to suppress the in court identification by witness Evelyn McCullough, failed to examine
a videotape referred to by a prosecution witness in implicating Applicant, failed to request the
appointment of a fingerprint expert, failed to object to the hearsay testimony of witness Lisa
Rasmussen, and failed to object to improper statements by the prosecutor regarding Ruth Hansen.
The Applicant also contends that the State improperly suppressed evidence that witness Ruth Hansen
could not identify him as the perpetrator of this offense, and then falsely represented to the defense,
and the trial court, that Ms. Hansen was medically unavailable to testify.

 On September 29, 2003, the trial court entered an order designating issues to resolve both
of these claims. However, when this application was finally filed at this Court, on September 25,
2006, it did not included any further response by the State, affidavits from either counsel or the
prosecutor, or findings of fact or conclusions of law regarding the issues designated.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000), and Brady
v. Maryland, 373 US 83 (1963). In these circumstances, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall
also provide the prosecutor with the opportunity to respond to Applicant's claim that material,
exculpatory evidence was improperly suppressed. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. In
addition, the trial court shall make findings of fact regarding whether the prosecutor improperly
suppressed evidence in this cause. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Due to the length of delay which
has already occurred in this cause, no extensions of time shall be granted by this Court. 




Filed: December 20, 2006

Do not publish